## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8571 | DATE | 11/26/2003 |
| CASE TITLE | Commodity Futures Trading Commissio vs. Keith Wilson Krysinski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/8/03 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Ex Parte Statutory Restraining Order. Plaintiff's motion for ex parte statutory restraining order is granted. Enter Order granting motion for expedited discovery. Plaintiff's motion for expedited discovery is granted. Plaintiff's motion for leave to file oversized brief is granted. Preliminary Injunction Hearing set for 12/8/03 at 9:30 A.M.

*/s/ Amy J. St. Eve*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | 7 |
| | Notified counsel by telephone. | | DEC 1 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 NOV 26 PM 4:15 | date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEITH WILSON KRYSINSKI,<br><br>　　　　Defendant. | )<br>)<br>)<br>)  CIVIL ACTION NO: 03 C 8571<br>)<br>)<br>)<br>)<br>)<br>)  RESTRAINING ORDER<br>)<br>)　　　　　　　　DEC - 1 2003<br>)<br>)<br>)<br>) |

## *EX PARTE* STATUTORY RESTRAINING ORDER

The Court having read the Complaint for Injunctive and Other Equitable Relief, the Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order ("SRO"), the Brief in Support of Plaintiff's Motion for a SRO, the Declarations of Curt Hartig, William Thomas, and Hugh J. Rooney, and the exhibits and attachments thereto, and all other papers filed herein by the Plaintiff, Commodity Futures Trading Commission ("Commission"),

### THE COURT FINDS:

1. The Court has jurisdiction over the subject matter.

2. Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2001), permits this Court to enter an *ex parte* statutory restraining order ("SRO").

3. It appears to the satisfaction of the Court that there is good cause to believe that the Defendant, Keith Krysinski, has engaged, is engaging in and is about to engage in violations

of Sections 4b(a)(2)(i), 4b(a)(2)(ii), and 4d(a) of the Act, 7 U.S.C. §§ 6b(a)(2)(i), 6b(a)(2)(ii), and 6d(a) (2001).

4. It further appears to the satisfaction of the Court that this is a proper case for granting an *ex parte* restraining order to preserve the *status quo* and to protect public customers from further loss and damage.

**IT IS HEREBY ORDERED THAT:**

### I.
### *Statutory Restraining Order and Asset Freeze*

5. Defendant Krysinski, and all persons insofar as they are acting in the capacity of his agent, successor, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with him who receive actual notice of such order by personal service or otherwise, shall be prohibited from directly or indirectly:

- A. Withdrawing, transferring, removing, dissipating or disposing of funds, assets or other property, wherever situated, including but not limited to, all funds, personal property, artwork, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account held by, under the control, or in the name of the Defendant. The assets affected by this Section shall include both existing assets and assets acquired after the issuance of this Order;

- B. Destroying, mutilating, altering, concealing or disposing of any books, records, documents, correspondence, brochures, manuals, electronically stored data, tape recordings or other property, wherever stored concerning the Defendant; and

- C. Refusing to permit authorized representatives of the Commission to inspect; when and as requested, any books, records, electronically stored data or other documents, wherever stored concerning the Defendant.

6. IT IS FURTHER ORDERED THAT: Each firm, corporation or other person or entity with notice which holds, or which is a depository of funds, securities, property, or other assets of or under the control of the Defendant, including funds and property of investors, is prohibited from transferring, withdrawing, removing or disposing of any such funds, securities,

property, or other assets until further order of this Court. This Order may be served on any such entity by facsimile transmission.

7. IT IS FURTHER ORDERED that representatives of the plaintiff Commission be allowed to immediately inspect the books, records, and other electronically stored data, tape recordings, and other documents of the Defendant, and his agents and to copy said documents, data, and records either on or off the premises wherever they may be situated.

### *Service of Order and other Pleadings*

8. IT IS FURTHER ORDERED that copies of this Order may be served by any means, including facsimile transmissions, electronic mail or data transfer, upon any financial institution or other entity or person that may have possession, custody or control of any documents or assets of the Defendant or that may be subject to any provision of this Order.

9. IT IS FURTHER ORDERED that Hugh J. Rooney and Joy H. McCormack, employees of the Commission, are hereby specially appointed to serve process, including the summons and complaint, and all other papers in this cause.

### *Service on the Commission*

10. IT IS FURTHER ORDERED that the Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Jennifer S. Diamond, Trial Attorney or Elizabeth M. Streit, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

### *Court Maintains Jurisdiction*

11. IT IS FURTHER ORDERED that this *Ex Parte* Restraining Order shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

### *Further Court Hearings*

13. IT IS FURTHER ORDERED that this matter is set for a status hearing on 12/8/03 9:30.

14. IT IS FURTHER ORDERED that plaintiff's Motion for a Preliminary Injunction is set for hearing on 12/8 at 9:30.

SO ORDERED:: 11-26-03 _____

Time: 10:30 A.M.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> Keith Wilson Krysinski, <br><br> Defendant. | CIVIL ACTION NO: <br><br> 03 C 8571 <br><br> DOCKETED <br> DEC - 1 2003 |

## ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY

Plaintiff Commodity Futures Trading Commission ("Commission"), has filed a Complaint for preliminary and permanent injunction and other relief, and moved *ex parte*, for a Statutory Restraining Order pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1. The Commission has also moved for expedited discovery pursuant to Rules 30(a), 30(b)(5) and 45 of the Federal Rules of Civil Procedure.

THE COURT FINDS that because of the emergency nature of the situation, expedited discovery will permit the Commission to discover the existence and location of funds and assets and to prepare for such hearings as the Court may conduct in this matter.

IT IS THEREFORE ORDERED that the Commission's motion is granted and it is authorized to conduct expedited discovery in this matter.

Date Entered: 11-26-03

United States District Court Judge