UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 03 C 8571 ) |
| KEITH WILSON KRYSINSKI, | ) Judge Amy J. St. Eve ) |
| Defendant. | ) ) ) |

**NOTICE OF FILING**

TO: Jennifer Lynn S. Diamond, Esq.
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

PLEASE TAKE NOTICE that on December 5, 2003, we caused to be filed with the Clerk of the above Court Defendant Keith Krysinski's Response to Plaintiff's Motion for Preliminary Injunction, a copy of which is enclosed herewith and hereby served on you.

Robert B. Christie
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6957

**CERTIFICATE OF SERVICE BY MESSENGER**

I, the undersigned, an attorney, certify that I served a copy of the above-referenced notice to the individual listed above at the address stated by messenger service from our offices at 175 West Jackson, Suite 240, Chicago, Illinois on December 5, 2003, in accordance with Rule 5(a) of the Federal Rules of Civil Procedure.

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

KEITH WILSON KRYSINSKI,

    Defendant.

Case No. 03 C 8571

Judge Amy J. St. Eve

## DEFENDANT KEITH KRYSINSKI'S RESPONSE
## TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Keith Wilson Krysinski ("Krysinski"), through his attorneys Jeffry M. Henderson and Robert B. Christie, for his response to the Commodity Futures Trading Commission's ("CFTC" or "Commission") Motion for a Preliminary Injunction, states as follows:

### INTRODUCTION

This action stems from the allegations of two disgruntled commodity professionals following the failure of their respective business ventures with defendant Krysinski. Each of those commodity professionals, Curt Benjamin Hartig ("Hartig") and William S. Thomas ("Thomas"), has used the good offices of the Commission in an effort to drive Krysinski out of business in the hopes of reaping personal financial awards. At the same time, the Commission has been less than candid in describing its "two customers" and the factual nature of Hartig and Thomas' relationship with Mr. Krysinski. If those and other material facts that were available to the Commission had been disclosed to this Court, no temporary restraining order would have been entered in this matter. Those facts will be presented to this Court at the evidentiary hearing on the Commission's

application for a preliminary injunction scheduled for December 8, 2003, at 9:30 a.m. The purpose of this Response is to acquaint the Court with the legal standard to be applied in the Commission's application for a preliminary injunction, which was only partially provided to the Court in the Commission's Brief in Support of Plaintiff's Motion for *Ex Parte* Statutory Restraining Order and Preliminary Injunction.

## STANDARD TO BE APPLIED ON AN APPLICATION FOR A PRELIMINARY INJUNCTION PURSUANT TO THE COMMODITIES EXCHANGE ACT.

The standard to be used in determining whether to grant or deny a preliminary injunction pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a), is a hybrid of the standard to be applied in an application for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65. At all times relevant, Section 6c of the Act provided that "[u]pon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond." 7 U.S.C. § 13a-1(b) To determine what is a "proper showing," the courts may look to the case law developed under the injunctive provisions of the Securities Act of 1933, 15 U.S.C.S. § 77t(b), and the Securities Exchange Act of 1934, 15 U.S.C. § 78u(e), which are identical in all material aspects to Section 6c of the Act. *Commodity Futures Trading Comm'n v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 n.11 (2nd Cir. 1977).

As an initial matter, the Commission has the burden to present this Court with evidence that clearly establishes that Krysinski violated provisions of the Act. As explained by the court in *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 807 n.1 (2nd Cir. 1974), the well established rule upon being presented with an application for a preliminary injunction, in advance of a trial upon the merits, "is whether a violation . . . has been so *clearly established* that defendants are, in effect, to be found at fault without awaiting the development of all the facts upon a trial." (quoting *S.E.C. v.*

2

*Capital Gains Res.Bureau, Inc.*, 306 F.2d 606, 608 (2d Cir. 1962) (*en blanc*), *rev'd on other grounds*, 375 U.S. 180 U.S. 180 (1963))(emphasis added). If the Commission fails to meet this initial burden, no further analysis by this Court need be made.

However, "illegal activity, without more, does not automatically justify the issuance of an injunction." *Management Dynamics, Inc.*, 515 F.2d at 807. In addition to the Commission's burden set forth above, the Commission has the burden to show that there is a reasonable likelihood that the wrong proven above will be repeated. As explained by the court in *CFTC v. U. S. Metals Depository Co.*, "[t]he critical question in determining whether the public interest requires the imposition of [an injunction] is 'whether there is a reasonable likelihood that the wrong will be repeated.'" 468 F. Supp. 1149, 1161-62 (S.D.N.Y. 1979)(quoting *S.E.C. v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972)).

A factor a court may consider to determine whether there is a reasonable likelihood that a wrong will be repeated is a defendant's "pervasive wrongdoing over an extended period." *Commodity Futures Trading Comm'n v. Crown Colony Commodity Options, Ltd.*, 434 F. Supp. 911, 920 (S.D.N.Y.1977). "In drawing the inference from past violations that future violations may occur, the court should look at the 'totality of circumstances, and factors suggesting that the infraction might not have been an isolated occurrence are always relevant.' *Commodity Futures Trading Com. v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979)(*quoting S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 807 (2nd Cir. 1975)). In the instant case, the Commission alleges that Krysinski violated the Act in two isolated cases.

In addition to the burden imposed on the Commission to show a reasonable likelihood that the alleged wrong will be repeated, the Commission also has the more traditional burden to establish a reasonable likelihood of success on the merits. *See generally S.E.C. v. Unifund Sal*, 910 F.2d 1028

3

(2nd Cir. 1990)(providing a history of the required showing of a reasonable likelihood of success on the merits). Because the Commission is seeking injunctive relief under the Act, and not under Rule 65 of the Federal Rules of Civil Procedure, no showing of irreparable harm need be made. *Commodity Futures Trading Commission v. Crown Colony Commodity Options, Ltd.*, 434 F. Supp. 911, 919 (S.D.N.Y. 1977). However, because a showing of irreparable harm is not required of the Commission, the Commission has a higher burden to meet in showing that it has a reasonable likelihood of success on the merits. As explained by the court in *Unifund Sal*,

> The rationale of this ruling was that the Government, in seeking a statutory preliminary injunction, is entitled to a presumption of irreparable injury upon a showing of a reasonable probability of a law violation and that a showing of only serious questions on the merits is insufficient to warrant such a presumption.

*Unifund Sal*, 910 F.2d at 1039; *See S.E.C. v. Cherif*, 933 F.2d 403, 408 (7th Cir. 1991)(noting that "the Second Circuit [,in *S.E.C. v. Unifund Sal*,] has altered the standard for injunctions requested by the SEC under 15 U.S.C. §§ 78u(d) and (e)" by holding that the Government in seeking a statutory injunction "need not show risk of irreparable injury or unavailability of remedies at law but may be required to make a more substantial showing of likelihood of success if the injunction sought will be onerous").

Thus, before an application for a preliminary injunction may be granted, the Commission must make a substantial showing of a likelihood of success on the merits. In the instant case, the preliminary injunction requested by the Commission would be onerous because it does not seek merely to return the parties back to the status quo – it seeks to make it impossible for Krysinski to make a living, engage in the only business he has engaged in since completing his formal education, and support his family, even to the extent of purchasing the ordinary necessities of life.

4

## CONCLUSION

Because the Commission will not be able to clearly establish that Krysinski violated any provisions of the Act and will not be able to demonstrate that there is a reasonable likelihood that Krysinski will violate the Act in the future, let alone repeat the violations alleged, and because the Commission will not be able to show that it has a substantial likelihood of success on the merits were this matter to go to trial, this Court should deny the Commission's application for preliminary injunction.

Respectfully submitted,

KEITH W. KRYSINSKI

By: _____
One of His Attorneys

Jeffry M. Henderson
Robert B. Christie
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6960