## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| COMMODITIES FUTURES TRADING COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO: 03 C 8571 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Amy J. St. Eve |
| | ) | |
| KEITH WILSON KRYSINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

### WILLIAM S. THOMAS' BRIEF REGARDING JURISDICTION

At the May 12, 2015 presentment hearing for William S. Thomas' motion to intervene for the purpose of enforcing the consent order, the Court requested a short brief on jurisdiction to grant the relief requested. For the reasons that follow, the Court has jurisdiction to allow Thomas to intervene for the purpose of enforcing the consent decree.

### 1. The Court Retains Jurisdiction to Enforce the Consent Decree.

The Court retains jurisdiction to enforce the consent order for two independent reasons. First, paragraph I(8) of the consent order contains an express reservation of jurisdiction: "[Defendant] consents to the continued jurisdiction of this Court for the purpose of enforcing and for any other purposes relevant to this case." Consent Order, Ex. A to motion at ¶I(8). *See McCall-Bey v. Franzen*, 77 F.3d 1178, 1188 (7th Cir. 1985) (court retains jurisdiction to enforce settlement where order expressly says it is retaining jurisdiction). Second, because a consent decree is considered injunctive in character, a district court automatically retains jurisdiction to enforce it, even without an express reservation of jurisdiction. *U.S. v. Fisher*, 864 F.3d 434, 436 (7th Cir. 1988); *accord Norman v. McDonald*, 930 F. Supp. 1219, 1226 (N.D. Ill. 1996).

1

The consent decree remains an enforceable order.  28 U.S.C. § 3201(c).

**2. Courts Have Allowed Third Party Intervention To Enforce A Consent Decree Where The Consent Decree Specifically Authorizes Enforcement By The Intervenor.**

At least where, as here, enforcement by the intervenor is expressly authorized by the consent decree, courts have permitted intervention.  *South v. Rowe*, 759 F.2d 610 (7th Cir. 1985); *Floyd v. Ortiz,* 300 F.3d 1223 (10th Cir. 2002); *Beckett v. Airline Pilots Ass'n*, 995 F.2d 280, 288 (D.C. Cir. 1993); *Hook v. State of Ariz. Dept. of Corr.,* 972 F.2d 1012 (9th Cir. 1992); *Berker v. Heckler*, 771 F.2d 1556 (2d Cir. 1985); *cf. Hodges by Hodges v. Public Building Comm'n of Chicago*, 864 F. Supp. 1493, 1508 (N.D. Ill. 1994) ("[E]ven if the Government intended its consent decree to benefit a third party, that party could not enforce it *unless the decree so provided.*") (emphasis added).

Because the Court has jurisdiction over the enforcement of the consent decree and because intervention by a third party for purposes of enforcement is allowed where, as here, the consent decree expressly permits it, the Court has jurisdiction to allow William S. Thomas to intervene for the purposes of enforcing the consent decree.

Dated:  May 14, 2015                                    Respectfully submitted,

                                                        WILLIAM S. THOMAS




                                                        /s/Matthew J. Sullivan_____
                                                        His attorney

Matthew J. Sullivan
The Law Office of Matthew J. Sullivan
55 W. Wacker Drive, Suite 1400
Chicago, IL  60601
(312) 912-8012 (tel)
matt@sullivanlawchicago.com

## CERTIFICATE OF SERVICE

I, Matthew J. Sullivan, an attorney certify that on May 14, 2015, the following individuals were served with the forgoing Brief Regarding Jurisdiction the Court's electronic filing system.

> Jennifer Lynn Smrstik Diamond
> Email: jdiamond@cftc.gov
>
> Elizabeth M. Streit
> Email: estreit@cftc.gov
>
> Rosemary C. Hollinger
> Email: rhollinger@cftc.gov
>
> Jeffry Mark Henderson
> Email: hendersonj@gtlaw.com
>
> Robert B. Christie
> Email: christier@gtlaw.com

Furthermore, on May 14, 2007, I caused a copy of the foregoing Brief Regarding Jurisdiction to be served on the following individual by depositing a copy of the same in the United States Mail postage prepaid to his last known address:

> Keith Wilson Krysinski
> 1000 W. Washington Street
> Unit 504
> Chicago, IL  60607

> /s/Matthew J. Sullivan_____